UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAILROAD CONSTRUCTION COMPANY OF SOUTH JERSEY, INC., | Hon. Joseph H. Rodriguez: |
| Plaintiff, | Civil Action No. 10-6190 |
| v. | OPINION |
| A.P. CONSTRUCTION, INC., | |
| Defendant. | |

**APPEARANCES**

    Rudi R. Grueneberg, Esq.
    Grueneberg Law Group, LLC
    704 East Main Street, Bldg. "E"
    Moorestown, NJ 08057
        Attorney for Plaintiff

    Steven A. Venzie, Esq.
    Venzie, Phillips & Warshawer
    2032 Chancellor Street
    Philadelphia, PA 19103
        Attorney for Defendant

**RODRIGUEZ, J.**

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1). [Dkt. No. 9.] For the reasons stated below, Defendant's motion will be granted.

## I. BACKGROUND

Railroad Construction of South Jersey, Inc. ("Plaintiff") brings numerous contract and tort claims against A.P. Construction, Inc. ("Defendant") arising out of a subcontract existing between the parties and the conduct of the parties relating to that subcontract. (Am. Compl. ¶¶ 5-78.)

On or about January 17, 2008, Defendant was awarded a contract with the Delaware River Port Authority to serve as general contractor for the rehabilitation of the track structure of the Collingswood Viaduct located in Collingswood, New Jersey ("DRPA Project"). (Am. Compl. ¶ 5.) Plaintiff submitted a bid proposal to Defendant to perform various services of the DRPA Project as a subcontractor on January 16, 2008. (Am. Compl. ¶ 6.) The parties entered into a contract under which Plaintiff was to provide track rehabilitation and related construction services on the DRPA Project with Defendant. (Am. Compl. ¶ 38.) Defendant allegedly breached its contract with Plaintiff by failing to perform obligations thereunder. (Am. Compl. ¶ 43.)

On November 29, 2010, Plaintiff filed this action. [Dkt. No. 1.] The Amended Complaint, filed on December 2, 2010, asserts the following causes of actions: Breach of Contract (Count I); Promissory Estoppel (Count II); Negligent Misrepresentation (Count III); Breach of Implied Contract (Count IV); Breach of Implied Covenant of Good Faith and Fair Dealing (Court V); Fraudulent Inducement (Court VI); Unjust Enrichment (Count VII); Quantum Merit (Court VIII); and Consequential Damages (Count IX). [Dkt. No. 5.] On January 13, 2011, Defendant filed the instant motion to dismiss all of Plaintiff's claims in Amended Complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). [Dkt. No. 9.]

## II.  STANDARD FOR RULE 12(b)(1) MOTION

Under Fed. R. Civ. P. 12(b)(1), a defendant may challenge a plaintiff's right to be heard in federal court by asserting the court lacks subject matter jurisdiction over the controversy. See Robinson v. Daulton, 107 F.3d 1018, 1021 (3d Cir. 1999). Unless it is affirmatively demonstrated, a federal court is presumed to lack subject matter

jurisdiction. Cohen v. Kurtzman, 45 F. Supp. 2d 423, 429 (D.N.J. 1999) (citations omitted). Dismissal is proper under Rule 12(b)(1) when the claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial or frivolous." Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1408-09 (3d Cir. 1991) (citing Bell v. Hood, 327 U.S. 678, 682 (1946)). A claim is insubstantial if "'its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for interference that the questions sought to be raised can be the subject of controversy.'" Hagans v. Lavine, 415 U.S. 528, 538 (1973) (quoting Ex parte Poresky, 290 U.S. 30, 32 (1933)).

 Under a Rule 12(b)(1) motion, the party asserting jurisdiction, the plaintiff, bears the burden of demonstrating in the record that jurisdiction is proper. Packard v. Providential Nat'l Bank, 994 F.2d 1039, 1045 (3d Cir. 1993); Development Finance Corp. v. Alpha Housing & Health Care, Inc., 54 F.3d 156, 158 (3d Cir. 1995). However, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of a jurisdictional claim." Mortensen v. First Fed'l Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). The trial court is free to weigh the evidence to determine whether it has subject matter jurisdiction. Id.

 A motion to dismiss under Rule 12(b)(1) may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006) (citations omitted); Gould Electronics Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000) (citing Mortensen, 549 F.2d at 891). Rule 12(b)(1) facial attacks contest the sufficiency of the pleadings, and the trial court

must take all allegations in the complaint as true and in the light most favorable to the plaintiff. Gould, 2201 F.3d at 176 (citing PBGC v. White, 998 F.2d 1192, 1196 (3d Cir. 1993); see also In re Kaiser Group Int'l Inc., 399 F.3d 558, 561 (3d Cir 2005) (In evaluating "facial" subject matter jurisdiction attacks, the court ordinarily accepts all well-pleaded factual allegations as true, and views all reasonable inferences in the plaintiff's favor.). Essentially, a "facial" challenge by the defendant contests the adequacy of the language used in the pleading. Turicentro, S.A. v. American Airlines, Inc., 303 F.3d 293, 300 n.4 (3d Cir. 2002).

Rule 12(b)(1) factual attacks, however, contest the factual basis for subject matter jurisdiction; that is, in a factual challenge to jurisdiction, the defendant argues that the allegations on which jurisdiction depends are not true as a matter of fact. Id. at 300. As such, no presumptive truthfulness attaches to plaintiff's allegations and "the court must weigh the evidence relating to jurisdiction, with discretion to allow affidavits, documents, and even limited evidentiary hearings." Id. at 300 n.4. If the defendant contests the jurisdictional allegations, then "it is incumbent upon the plaintiff to respond to the defendant's sworn factual assertions" with something more than conclusory responses. International Ass'n of Machinists & Aerospace Workers v. Northwest Airlines, Inc., 673 F.2d 700, 711 (3d Cir. 1981). If the plaintiff fails to "meet and controvert the defendant's factual proofs, then the district court must determine whether it has subject matter jurisdiction based upon the factual context presented by the defendant." Id. at 711-12. However, if the opposing affidavits present a disputed issue of material fact, the court must permit the case to proceed to a plenary trial to resolve the contested jurisdictional issues. Id.

### III.  DISCUSSION

Plaintiff is incorporated in New Jersey with its principal place of business located at 705 Mantua Avenue, Paulsboro, New Jersey 08066, and asserts that "[j]urisdiction is proper pursuant to 28 U.S.C. § 1332(a), as the parties are citizens of different states and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00)." (Am. Compl. ¶¶ 1, 3.) Alternatively, Plaintiff asserts that jurisdiction is proper "pursuant to 28 U.S.C. § 1337 as this action directly implicates an Act of Congress concerning interstate commerce, the ICC Termination Act of 1955, 490. S.C. [sic] § 10101, *et seq*." (Am. Compl. at ¶ 3.)

### A.  Diversity Jurisdiction Under 28 U.S.C. § 1332

District Courts have original jurisdiction over civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a). With respect to diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The Supreme Court has stated that the appropriate test for determining a corporation's "principal place of business" is the "nerve center test." Hertz Corp. v. Friend, 130 S. Ct. 1181, 1192 (2010). "Principal place of business" refers to "the place where a corporation's officer's direct, control, and coordinate the corporation's activities . . . [a]nd in practice it should normally be the place where the corporation maintains its headquarters–provided that the headquarters is the actual center of direction, control, and coordination." Id. Again, the party asserting diversity jurisdiction bears the burden of proof, and when diversity is challenged the parties must support their allegations with competent proof. Id. at 1194-95.

In this case, Plaintiff has alleged that Defendant is incorporated in Pennsylvania with its principal place of business located at 1080 North Delaware Avenue, Suite 1500, Philadelphia, Pennsylvania 19125. (Am. Compl. ¶2.) Through this motion, however, Defendant contends that its principal place of business is located at 915 South Black Horse Pike, Blackwood, New Jersey, and therefore Defendant argues that Plaintiff cannot establish diversity jurisdiction pursuant to 28 U.S.C. § 1332, as Plaintiff is also a New Jersey citizen. (Motion to Dismiss at ¶¶ 1, 12-13.) In support of its motion, Defendant offers an affidavit by Defendant's president and chief operating officer, Amedeo Petrongolo, stating that Defendant's principal place of business is located in Blackwood, New Jersey. (Def.'s Ex. A, Amedeo Petrongolo's Aff.) Plaintiff responds that Defendant previously represented in federal court that its principal place of business is located in Philadelphia, Pennsylvania. Specifically, in <u>Kinkade v. A.P. Construction, Inc.</u>, Docket #: 2:07-cv-05285-JS, Defendant filed a Notice of Removal to remove a matter pending in the Philadelphia Court of Common Pleas to the District Court for the Eastern District of Pennsylvania by claiming that "Defendant, A.P. Construction, Inc., is not a New Jersey corporation, but a registered corporation of the Commonwealth of Pennsylvania." In <u>Creelman v. A.P. Construction, Inc.</u>, Docket #: 1:10-cv-01657-NLH-KMW, Defendant admitted in paragraph 2 of its Answer that it "was a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business located at 1080 N. Delaware Avenue, Suite 1500, Philadelphia, PA 19125." Plaintiff therefore contends that Defendant should be estopped from now claiming that its principal place of business is in Blackwood, New Jersey. (Pl.'s Brief at 4-7.)

The Third Circuit has held that prior pleadings have no evidentiary value when assessing a defendant's principle place of business with respect to diversity jurisdiction. Mennen Co. v. Atlantic Mutual Ins. Co., 147 F.3d 287, 293 (3d Cir. 1998).  In Mennen, the defendant filed a motion to dismiss for lack of subject matter jurisdiction on the basis that the defendant's principal place of business was New Jersey, rather than Indiana, thereby divesting the New Jersey District Court of diversity jurisdiction. Id. The plaintiff offered pleadings filed by the defendant in other proceedings, where the defendant stated that its principal place of business was in Indiana, as evidence indicating the defendant's true understanding of its principal place of business. Id. at 293, n.8. The Third Circuit disagreed. Id. at 293.

> While pleadings that contain unwarranted assertions as to matters bearing on jurisdiction reflect no great credit on the attorneys who apparently drafted and filed them without sufficient inquiry, the pleadings themselves have no intrinsic capacity to establish or disestablish jurisdiction; it is axiomatic that a party may not confer or defeat jurisdiction by mere pleading . . . . Rather, subject matter jurisdiction depends upon facts of record, and when any question arises as to the existence of jurisdiction a federal court is obligated to make an independent determination of those facts.

Id. at 293-94.

In the present matter, the previous pleadings referred to by Plaintiff, in which Defendant states that it is not a New Jersey corporation and that its principal place of business is in Pennsylvania, are unrelated to the present matter and have no bearing upon the record or this Court's determination of Defendant's principal place of business in this proceeding. The two prior documents were filed in lawsuits involving personal injury claims against Defendant, where Defendant's general liability insurer assumed and controlled the defense. (Def. Reply Br. at 6.)

The affidavit submitted by Defendant's President and CEO states that Defendant's principal place of business is located in Blackwood, New Jersey. (Def.'s Ex. A, Amedeo Petrongolo's Aff.) It also avers:

> that it is at [the New Jersey] location
>
> a) where A.P. Construction, Inc. Maintains its corporate headquarters and executive offices;
>
> b) from which A.P. Construction, Inc.'s officers direct, control and coordinate all of the corporation's business activities in New Jersey, Pennsylvania and elsewhere;
>
> c) where A.P. Construction, Inc. Has and maintains its construction equipment yard and its maintenance/repair facility for all equipment owned by the corporation;
>
> d) where A.P. Construction, Inc.'s full time administrative staff is employed and performs the daily administrative duties and responsibilities essential to the business operations of the corporation, including preparation of payroll, banking transactions, payment of taxes, and administration of accounts receivable and payable; and
>
> e) where the corporate, banking, insurances, surety bonding and general business books and records are kept.

(Id.) Plaintiff has failed to "meet and controvert" these factual proofs. See Northwest Airlines, Inc., 673 F.2d 711-12. Accordingly, Plaintiff's claims do not survive Defendant's Rule 12(b)(1) factual challenge.

**B.  Original Jurisdiction Under 28 U.S.C. § 1337**

Plaintiff next asserts that this Court has original jurisdiction pursuant to 28 U.S.C. § 1337 because Plaintiff pled in its Amended Complaint that "this action directly implicates an Act of Congress concerning interstate commerce, the ICC Termination Act of 1955, [sic] 490 [sic] U.S.C. § 10101, *et seq*." (Pl.'s Reply Br. pg. 8) (citing Am. Compl. at ¶ 3.) Defendant argues that jurisdiction is improper pursuant to 28 U.S.C. § 1337

because Plaintiff's claims are based on common law and because a civil action which "implicates" an Act of Congress "concerning" interstate commerce is not a civil action "arising under" an Act of Congress "regulating" commerce as required by 28 U.S.C. § 1337.  (Def. Br. at ¶¶ 9-11.)

Pursuant to 28 U.S.C. § 1337, district courts have original jurisdiction over "any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies."  "Jurisdictional statutes are to be strictly construed and the burden of proof is upon the plaintiff to affirmatively establish that the federal court has jurisdiction."  MFS Telecom, Inc. v. Intrepid Communications Solutions, Inc., 39 F. Supp. 2d 478, 479 (D.N.J. 1999).  The "arising under" requirement of 28 U.S.C. § 1337 is interpreted in the same way as the "arising under" requirement of 28 U.S.C. § 1331.  Yancoskie v. Delaware River Port Auth., 528 F.2d 722, 725 (3d Cir. 1975).  "The Third Circuit has posed two tests to decide whether a federal court has federal question jurisdiction: '(1) does federal law create the cause of action?', and '(2) does the complaint pose a substantial federal question?'."  MFS, 39 F. Supp. 2d at 479 (citing Virgin Islands Housing Auth. v. Coastal General Constr. Serv. Corp., 27 F.3d 911, 916 (3d Cir. 1994)).  According to the "well-pleaded complaint rule," whether a case arises under federal law must be determined from what appears in the plaintiff's complaint.  Franchise Tax Bd. v. Constr. Laborers Vac. Trust, 436 U.S. 1, 27-28 (1983).  "'[T]he mere fact that a federal law regulating commerce may be tangentially related to a cause of action is insufficient to satisfy 28 U.S.C. § 1337(a) . . . .'"  Imperial Spirits, USA, Inc. v. Trans Marine Intern. Corp., No. 98-5469, 1999 WL 172292, at *5 (D.N.J. February 17, 1999) (citing Zimmerman v. Conrail, 550 F. Supp. 84, 85-86 (S.D.N.Y. 1982)).

Plaintiff argues that "Congress intended the ICC Termination Act and the created Surface Transportation Board to regulate all railroad operation, even those which are wholly intrastate and were previously under state jurisdiction." (Pl.'s Reply Br. p. 11) (citing CSX Transp. V. Georgia PSC, 944 F. Supp. 1573, 1584 (N.D. Ga 1996)). The Interstate Commerce Commission Termination Act ("ICCTA"), Pub. L. No. 104-88, 109 Stat. 803 (1995), was enacted by Congress to abolish the Interstate Commerce Commission and create the Surface Transportation Board ("STB"), which is an independent agency within the Department of Transportation. Hi Tech Tans, LLC v. New Jersey, 382 F.3d 295, 305 (3d Cir. 2004). The "General Jurisdiction" provision of the ICCTA grants jurisdiction to the STB over transportation by rail carriers, that is by railroad and railroad and water, when the transportation is under common control, management, or arrangement for a continuous carriage or shipment. 49 U.S.C. § 10501(a). The "General Jurisdiction" provision further provides the STB has jurisdiction over:

> (1) transportation by rail carriers, and the remedies provided in this part with respect to rates, classifications, rules (including car service, interchange, and other operating rules), practices, routes, services, and facilities of such carriers; and (2) the construction, acquisition, operation, abandonment, or discontinuance of spur, industrial, team, switching, or side tracks, or facilities, even if the tracks are located, entirely in one state, is exclusive. Except as otherwise provided in this part, the remedies provided under this part with respect to regulation of rail transportation are exclusive and preempt the remedies provided under Federal or State law.

49 U.S.C. § 10501(b). "'[R]ail carrier' means a person providing common carrier railroad transportation for compensation . . . ." 49 U.S.C. § 10102(5).

The "Contracts" provision of the ICCTA discusses the jurisdiction of state and federal courts over agreements between rail carriers and purchasers of rail services. 49 U.S.C. § 10709. This section expressly states:

10

> The exclusive remedy for any alleged breach of contract entered into under this section shall be an action in an appropriate State court or United States district court, unless the parties otherwise agree. This section does not confer original jurisdiction on the district courts of the United States based on section 1331 or 1337 of title 28, United States Code.

49 U.S.C. § 10709(c)(2).

In the present case, the Complaint asserts various common law contract and torts claims, but no causes of action "arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies." 28 U.S.C. § 1337. First, the ICCTA does not create any of the causes of action included in Plaintiff's Amendment Complaint. Second, the Amended Complaint does not pose a substantial federal question. The ICCTA preempts state regulation over rail carrier construction and operations, but does not preempt the state courts from enforcing private contracts and hearing common law claims arising from contracts to repair public railways. See 49 U.S.C. § 10501(b). The "Contracts" provision of the ICCTA expresses the congressional intent of preventing the ICCTA from granting original jurisdiction pursuant to 28 U.S.C. § 1337 for common law claims arising under private contracts.

Simply mentioning the "ICC Termination Act of 1995, 49 U.S.C. § 10101, *et seq.*," in broad terms does not bring Plaintiff's common law claims within the jurisdiction of the federal courts. Other than paragraph 3 of the Amended Complaint, Plaintiff makes no other mention of the ICCTA, and the ICCTA contains no section expressly providing the district courts with jurisdiction over contract or tort claims arising from the repair and/or renovation of public railways. Plaintiff cites to no case, and the Court is unaware of any case, in which federal jurisdiction over similar claims is grounded upon the ICCTA and 28 U.S.C. § 1337 collectively. The contract at issue is a private one, rather

than one falling under the jurisdiction of the ICCTA.  Accordingly, the Amended Complaint fails to state a valid claim pursuant to 28 U.S.C. § 1337.  This Court has no jurisdiction over Plaintiff's claims, which are dismissed pursuant to Rule 12(b)(1).

## IV.  CONCLUSION

For the above stated reasons, Defendants' motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) will be granted.  An appropriate Order shall issue.

Dated: July 21, 2011

 /s/ Joseph H. Rodriguez
Hon. Joseph H. Rodriguez
United Stated District Court Judge